■ VIRGINIA PETERS, Respondent, v MICHAEL PETERS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Queens County (Goldstein, J. H. O.), dated November 10, 1986, which, after a nonjury trial, inter alia, extended the temporary receivership of the defendant's corporations, and directed the plaintiff wife, as temporary receiver, to sell a certain corporate lease to a developer for $2,000,000.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting from the third sentence of subdivision (2) of the eleventh decretal paragraph thereof the word "corporate" so that it reads, "However, any taxes payable by reason of the lease sale and liquidation, which cannot be paid from other corporate assets (excluding equipment) shall be paid from the lease sales proceeds and one-half deducted from Plaintiff's $1,000,000 and one-half from Defendant's $1,000,000"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

We affirm, for reasons stated by Judicial Hearing Officer Goldstein, those portions of the judgment which are appealed from, with the exception of the decretal paragraph pertaining to the payment of taxes upon the liquidation sale of the lease.

While we express no opinion as to whether or not the sale of the lease is subject to the 10% tax imposed by Tax Law article 31-B as the defendant claims, if indeed it is, the tax should be deducted equally from each of the parties' lease sale proceeds. Therefore, the word "corporate" should be deleted from the third sentence of subdivision (2) of the eleventh

decretal paragraph so that "any taxes" as opposed to "any corporate taxes" payable "by reason of the lease sale and liquidation, which cannot be paid from other corporate assets (excluding equipment) shall be paid from the lease sales proceeds and one-half deducted from Plaintiff's $1,000,000 and one-half from Defendant's $1,000,000." Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.